IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV225-MU-02

CARL LORINZO CAPERS,           )
    Plaintiff,             )
                               )
      v.                  )
                               )
(FNU) PRESTON, Lieutenant )
  at Lanesboro Correction-)
  al Institution[1]       )
  Sheriff;                )
(FNU) PRESLY, Sergeant at )
  LCI;                    )
(FNU) EVERETE, Officer at )
  LCI;                    )
(FNU) BULLOCK, Unit Mana- )
  ger at LCI;             )
(FNU) BARKER, Corrections )
  Officer at LCI;         )
EDITH WALRATH, Medical Su-)
  pervisor at LCI;        )
(FNU) ALDRIGE, Corrections)
  Officer at LCI;         )
(FNU) RICHARDSON, Correc- )
  tions Officer at LCI;   )
and                           )
(FNU) BENNETT, Sergeant at)
  LCI,                    )
    Defendants.            )
_____)

**THIS MATTER** comes before the Court on review of Plaintiff's form-civil rights Complaint pursuant to 42 U.S.C. § 1983, filed May 14, 2010.

At the outset, the Court acknowledges its authorization to conduct an initial review of a complaint pursuant to 28 U.S.C. §§

---

[1]Lanesboro Correctional Institution will hereafter be referred to as "LCI."

1915(e)(2) and 1915A, and to dismiss those cases or claims which do not pass frivolity review.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992) (dismissal appropriate whether claim "lacks an arguable basis either in law or fact"); <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989) (<u>sua sponte</u> dismissal appropriate where claim is based on a meritless legal theory).  In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face."  <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).  However, such obligation does not relieve Plaintiff of his duty to assert a claim cognizable within the jurisdiction of Court and upon which the court can grant relief.

Indeed, notwithstanding the Court's obligation to liberally construe Plaintiff's allegations, the Court also is well aware that it is not required "to ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  <u>Weller v. Department of Social Services</u>, 901 F.2d 387 (4th cir. 1990).  Nor is the Court required "to "conjure up questions never squarely presented," <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985), to develop

tangential claims from scant assertions in the complaint," <u>Low-dermilk v. LaManna</u>, 2009 WL 2601470 (D. S.C. 2009), or to "re-write a petition" for the benefit of a plaintiff. <u>Wise v. South Carolina Dept. of Corr.</u>, 2006 WL 1879001 (D. S.C. July 6, 2006).

In addition, the Fourth Circuit has indicated that "whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to <u>sua sponte</u> raise and address any and every claim that might arguably be presented by the facts as presented." <u>See</u> <u>Brock v. Carroll</u>, 107 F..3d 241, 242-43 (4th Cir. 1997). Rather, as the Circuit Court recently noted "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between pos-sibility and plausibility to entitlement for relief." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009). Thus, with these principles in mind, the Court has reviewed Plaintiff's Complaint and determined that it must be <u>dismissed</u> for several reasons, most notably his failure to state a cognizable claim for relief.

Turning to the Complaint, the Court notes that Plaintiff has listed multiple employees from LCI; however, he has failed to set forth allegations against each of them. For instance, Plaintiff does not set forth a single allegation against Defendants Al-dridge and Walrath. Accordingly, this Complaint must be dismis-sed as to these two individuals.

Similarly, although Plaintiff named Superintendent Bullock as a Defendant, he merely alleges that he has written letters to Bullock about "problems" that he reportedly had with his food trays and that Bullock never responded to him. (Doc. No. 1 at 4). Nevertheless, this vague allegation is woefully insufficient to state a constitutional claim for relief. Nor does Plaintiff's allegation against Defendant Richardson -- that Richardson told Plaintiff that his consumption of boiled eggs had caused Plaintiff to develop a boil on his abdomen -- state a cognizable claim for relief. Therefore, Plaintiff also cannot proceed against these two Defendants. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (noting that Congress' intent under a predecessor statute was to authorize the dismissal of "insubstantial" claims); Nasim v. Warden, 64 F.3d 951, 954 (4th Cir. 1995) (en banc) (noting the district court's broad discretion in determining whether an in forma pauperis action is factually frivolous).

Plaintiff further alleges that Defendant Everete told him that he was not going to get out of prison and that someone was going to kill Plaintiff. (Doc. No. 1 at 3). As troubling as Defendant Everete's prognostication for Plaintiff's future may be, such conduct still does not rise to the level of violating Plaintiff's constitutional rights. On the contrary, the law is clear that verbal abuse of inmates by guards, without more, does

not state a claim for relief.  See Morrison v. Martin, 755
F.Supp. 683, 687 (E.D.N.C. 1990); Solomon v. Dixon, 724 F.Supp.
1193, 1196 (E.D.N.C. 1989); Fisher v. Woodson, 373 F.Supp. 970,
973 (E.D. Va. 1973) (mere "threatening language and gestures of
[a] penal officer do not, even if true, constitute constitutional
violations."import).  Nor do "verbal harassment or idle threats to an
inmate, even if they cause an inmate fear or emotional anxiety
. . ." constitute a violation of any constitutional rights.
Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).  Consequently,
Plaintiff cannot proceed with this allegation.

Plaintiff also complains that Defendant Barker served him
small pancakes and gave him food trays with "obscene homosexual
junk" written on the bottom of those trays.  (Doc. No. 1 at 3).
However, Plaintiff does not allege any facts even to suggest that
Barker actually wrote the inappropriate messages.  Nor does
Plaintiff allege that Barker somehow is responsible for the
quantity or size of the portions which he is served.  Therefore,
these allegations are factually frivolous and may not proceed.
Cochran, 73 F.3d at 1317 (To survive a review for factual
frivolousness, a plaintiff proceeding in forma pauperis cannot
rely merely on "conclusory allegations."); accord Adams v. Rice,
40 F.3d. 72, 74 (4th Cir. 1994) (plaintiff "must present more
than naked allegations" to survive dismissal).

In addition, Plaintiff alleges that on an occasion, Defendant Barker served him a very spicy turkey patty which Plaintiff rinsed in hot water for ten minutes before consuming; and that he later experienced intense itching. (Doc. No. 1 at 3). Once again, however, Plaintiff does not allege any facts to suggest that Defendant Barker was responsible for the contents or condition of his turkey patty. Therefore, this allegation also does state a constitutional claim for relief. Cochran, supra; Adams, supra.

Last as to Defendant Barker, Plaintiff alleges that on a different occasion, Barker told him that he had put "body fluids" in Plaintiff's food. (Doc. No. 1 at 3). Notably, Plaintiff does not include any facts about the circumstances surrounding Barker's alleged report of tampering. Furthermore, the Court finds it noteworthy that Plaintiff has filed another civil rights action in the United States District Court for the Eastern District of North Carolina, in which he makes an allegation of food tampering against another Prison employee at Warren Correctional Institution (see Capers v. Reed, 5:09CT-3037). Given these circumstances, Plaintiff's allegation seems more fantastic than credible. See Denton v. Hernandez, 504 U.S. 25, 32-33 (in determining whether complaint is factually frivolous, a district court is not required to "accept without question the truth of

plaintiff's allegations," but rather is permitted to apply common sense, reject the fantastic, and take into account judicially noticeable facts).

Most critically, Plaintiff does not allege that he even ate the food with which Defendant Barker allegedly tampered.  Ultimately, therefore, Plaintiff has failed to state a claim for relief by this allegation.  Nasim, supra; see also Neitzke v. Williams, 490 U.S. 319, 324-27 (1989) (a complaint or claim can be dismissed where the plaintiff's factual allegations are "clearly baseless" or otherwise fail to state a federal claim).

Moreover, based upon the foregoing, Plaintiff also cannot proceed with his allegation that he told Defendant Bennett –- a superior of Defendant Barker's -- about Barker's conduct, but she failed to do anything about it.  (Doc. No. 1 at 3).  Rather, it goes without saying that inasmuch as Barker did not violate Plaintiff's rights, Bennett cannot possibly be held liable for having failed to take action on Plaintiff's complaints about Barker.

Plaintiff also alleges that Bennett and other personnel at the Prison "hate [him] so much that they stopped serving chicken on the bone and every time [her] rotation comes on [inmates] are served noodles and mixed rice and stuff like that," presumably as opposed to other foods which Plaintiff prefers.  (Doc. No. 1 at

7

4). Thus, Plaintiff claims that he has lost "a whole lot of weight" as a result of this change in the menu. (Id.). However, Plaintiff does not allege that Defendant Bennett is responsible for planning the meals or selecting the menu. Indeed, Plaintiff merely describes her as a "sergeant" at LCI. Consequently, even assuming that his allegation about the change in menu is action-able, such allegation still is too conclusory to state a claim against Defendant Bennett. Cochran, 73 F.3d at 1317.

Plaintiff also complains that on an occasion in July 2009, he passed "black urine," which fellow inmates told him was blood; and that when he asked to "declare a medical emergency," but Defendants Presly and Preston both denied his request (Doc. No. 1 at 3). Plaintiff further alleges that these two Defendants either allowed officers to "put junk in [his] food" or they put it there themselves; and that he developed a boil on his abdomen due to the food tampering. (Doc. No. 1-1 at 10). However, these allegations also must be rejected.

First, Plaintiff does not allege that he did not receive any medical treatment for his condition, but only that he was not able to declare a medical emergency. Indeed, elsewhere in his Complaint, Plaintiff reports that he was seen by the Prison's physician who ran tests and was unable to determine the cause of his discolored urine. (Doc. No. 1-1 at 10).

In any case, because Plaintiff's allegation does not esta-
blish that his condition was serious, and that Defendants knew of
and ignored an excessive risk of harm caused by their denial of
his request to declare an emergency, this allegation fails to
state a claim for deliberate indifference.  Nietzke, supra. See
also Farmer v. Brennan, 511 U.S. 825, 837 (1994) (A prison
official cannot be found liable under the Eighth Amendment for
deliberate indifference to a serious medical need unless "the
official knows of and disregards an excessive risk to inmate
health or safety."); Parrish ex rel. Lee v. Cleveland, 372 F.3d
294, 303 (4th Cir. 2004) ("[T]he evidence must show that the
official in question subjectively recognized that his actions
were 'inappropriate in light of that risk.'"); Rish v. Johnson,
131 F.3d 1092, 1096 (4th Cir. 1997)(To state a claim, the plain-
tiff must allege facts to establish that the defendants ignored
an objectively serious condition or risk of harm.).

Second, as with many of his other allegations, Plaintiff's
conclusory assertions that Defendants Preston and Presly tampered
with his food or allowed others to tamper with his food, and
caused him to develop an abdominal boil are conclusory.  That is,
Plaintiff has failed to allege a single fact to establish
tampering by Preston and Presly, their knowledge of Barker's
alleged incident of tampering, or that his boil was caused by the

alleged tampering.  Consequently, Plaintiff cannot proceed with these allegations. <u>Cochran</u>, <u>supra</u>; <u>Adams</u>, <u>supra</u>.

Finally, the Court has looked at Plaintiff's other miscellaneous allegations -- that officers at the Prison have conspired against him; that he is being denied his request for snack bags in between meals each day; that a nurse has lied about whether he is suppose to be served crackers with his medication; and that the shower shoes that he received are not new because they smell old and were not presented in a bag -- and determined that they all are aimed at unidentified persons or persons who were not made parties to this action.  Moreover, those matters, as alleged herein, do not rise to the level of constitutional violations in any case.  Therefore, they also will be dismissed.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.  Plaintiff's Complaint is **DISMISSED** in its entirety for his failure to state a constitutional claim for relief.  28 U.S.C. § 1915A(1)(b).

**SO ORDERED.**

Signed: May 19, 2010

Graham C. Mullen
United States District Judge